UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:09CV-00106-TBR

JASON DEAN BORDEN                                                                    PETITIONER

VS.

NANCY DOOM, Warden                                                                   RESPONDENT

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION

### BACKGROUND

Petitioner, Jason Dean Borden ("Borden"), has filed *pro se* a petition for writ of habeas corpus pursuant to U.S.C. § 2254 (DN 1). Additionally, Borden has filed numerous amendments and supplements to his petition (DN 7, 9, 10, 11, 12, 17, 20, 24, 25, 26, 27). Respondent, Nancy Doom ("Doom"), has filed an answer and memorandum in opposition to the petition (DN 44). The District Judge referred this matter to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) (DN 34). This matter is ripe for determination.

### FINDINGS OF FACT

On January 31, 2007, a Warren County Grand Jury issued Indictment No. 07CR-0093 naming Borden as the defendant (DN 44, Appendix at Pages 1-2). Count 1 charged Borden with theft by unlawful taking of property valued over $300 on April 26, 2006 (DN 44, Appendix at Page 1). Count 2 charged Borden with being a persistent felony offender in the first degree (DN 44, Appendix at Page 1). On February 21, 2007, a Warren County Grand Jury issued Indictment No.

07CR-162-01 naming Borden as the defendant (DN 44, Appendix at Pages 3-6). Eight counts charged Borden with fraudulent use of a credit/debit card over $100 within a six month period in violation of KRS 434.650 (DN 44, Appendix at Pages 3-6). Eight counts charged Borden with complicity to the fraudulent use of a credit/debit card over $100 within a six month period (DN 44, Appendix at Page 3-6). Count 17 charged Borden with being a persistent felony offender in the first degree (DN 44, Appendix at Page 6).

On July 14, 2008 Borden pled guilty to Count 1 in Indictment No. 07CR-0093, theft by unlawful taking of property valued over $300 (DN 44 at Page 7). Borden also pled guilty to 7 counts of fraudulent use of a credit/debit card over $100 within a six month period, in Indictment No. 07CR-162-01 (DN 44, Appendix at Pages 3-4, 7). The change of plea form indicates on the advice of counsel plaintiff entered his guilty plea to these charges (DN 44, Appendix at Pages 7-9). On September 8, 2008 the Warren Circuit Court imposed two years sentences on each charge to which he pled guilty with some sentences to be served consecutively and some concurrently for a total sentence of 10 years (DN 44, Appendix at Pages 11-12). The judgment was entered on September 10, 2008 (DN 44, Appendix at Page 10). Thus, Borden had until October 10, 2008, to file his notice of appeal in the Warren Circuit Court. Ky.R.Crim.P. 12.04(1) and (3).

The Kentucky Court of Appeals docket sheet in Case No. 2008-CA-002323 indicates Borden did not file a timely notice of appeal with the Warren Circuit Court (DN 44, Appendix at Page 13). Instead, he filed something with the Kentucky Court of Appeals on December 10, 2008, that it treated as a motion for belated appeal (DN 44, Appendix at Page 13). The Kentucky Court of Appeals docket sheet indicates Borden filed a second motion for belated appeal on March 16, 2009 (DN 44, Appendix at Page 14). In an order entered August 20, 2009, the Kentucky Court of Appeals

denied Borden's request for a belated appeal (DN 44, Appendix at Page 14). Over the next nine months the Kentucky Court of Appeals ruled on a number of filings by Borden (DN 44, Appendix at Pages 14-16). The Kentucky Court of Appeals did not address the merits of the claims Borden sought to raise on direct appeal. Instead, in an order entered May 14, 2010, the Kentucky Court of Appeals dismissed, on its own motion, Borden's direct appeal (DN 44, Appendix at Pages 14-16, 17-18).

Meanwhile, Borden filed numerous post-conviction relief motions before the Warren Circuit Court (DN 44, Appendix at Pages 19-23). In an order entered July 30, 2009, the Warren Circuit Court denied all but two of the pending motions and appointed an assistant public advocate with the Department of Public Advocacy to represent Borden on his Ky.R.Civ.P. 60.02 and Ky.R.Crim.P. 11.42 motions (DN 44, Appendix at Page 22). In an order entered October 21, 2009, the Warren Circuit Court denied Borden's motions for relief pursuant to Ky.R.Civ.P. 60.02 and Ky.R.Crim.P. 11.42 (DN 44, Appendix at Pages 24-40). The Warren Circuit Court concluded Borden was not entitled to relief, pursuant to Ky.R.Civ.P. 60.02, on his claim that the trial judge failed to recuse himself; Borden was not entitled to relief, under Ky.R.Civ.P. 60.02 because his guilty plea was knowing, intelligent, and voluntary; Borden was not entitled to relief, pursuant to Ky.R.Crim.P. 11.42, because his counsel did not render ineffective assistance; and Borden's remaining *pro se* claims were without merit (DN 44, Appendix at Pages 24-40).

Borden's appointed counsel timely filed a notice of appeal from the Warren Circuit Court's order overruling his Ky.R.Civ.P. 60.02 and Ky.R.Crim.P. 11.42 motions (DN 44, Appendix at Page 41). The Department of Public Advocacy withdrew as Borden's counsel within four months of filing the notice of appeal (DN 44, Appendix at Pages 42-43). On its own motion, the Kentucky

Court of Appeals dismissed Borden's appeal on July 12, 2010, due to Borden's failure to timely file a brief in support of his appeal (DN 44, Appendix at Pages 40-44).

On August 12, 2009, Borden filed his petition pursuant to 28 U.S.C. § 2254 (DN 1). The petition sets forth four grounds for relief (DN 1). Ground 1 alleges a conflict of interest arising out of the trial judge and his court-appointed counsel's refusing to recuse in the State criminal proceedings after he sued them in the federal court (DN 1 at Page 5). Ground 2 challenges Borden's theft by unlawful taking conviction by asserting the stolen cell phone cost less than $300 and the statutory threshold is now $500 (DN 1, Petition at Page 6). Ground 3 accuses Warren Circuit Court Clerk Pat Howell Goad of violating Kentucky Rules of Court Nos. 400 and 401 because he refused to schedule hearings on Borden's *pro se* petitions, instead deferring to the Judge's preference to handle scheduling of such hearings (DN 1, Habeas Petition at Page 8). Ground 4 accuses trial counsel of forcing Borden to enter into the plea agreement with the Commonwealth by using Borden's family and by not telling Borden the Kentucky Court of Appeals had accepted his *pro se* motion for writ of mandamus (DN 1, Habeas Petition at Page 10).

CONCLUSIONS OF LAW

A

Before federal habeas corpus review is available, a State prisoner must exhaust available State remedies because this provides the State with the "opportunity to pass upon and correct" the alleged violations of the prisoner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotations omitted) (citations omitted); Teague v. Lane, 489 U.S. 288, 297-299 (1989); Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). Here, Borden did file direct and post-

conviction relief appeals in the State courts. However, the Kentucky Court of Appeals dismissed both appeals on a procedural basis. If a habeas petitioner fails to comply with a State procedural rule and that failure provides an adequate and independent grounds for the State's denial of relief, then federal review is barred absent a showing of cause and prejudice. Reed v. Farley, 512 U.S. 339, 353-355 (1994); Teague v. Lane, 489 U.S. 288, 297-299 (1989); Murray v. Carrier, 477 U.S. 478, 495-496 (1986). Here, in both instances Borden failed to comply with a State procedural rule and that failure provided an adequate and independent grounds for the Kentucky Court of Appeals' dismissal of his appeal. Further, Borden has made no effort to demonstrate either "cause" or "actual prejudice", nor has the undersigned found any basis for satisfying either requirement. Therefore, the undersigned concludes that federal review is barred as to each claim asserted by Borden in his petition, amendments and supplements (DN 7, 9, 10, 11, 12, 17, 20, 24, 25, 26, 27).

The United States Supreme Court has established a two-prong test that is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on procedural grounds. Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). To satisfy the first prong, Borden must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a Constitutional right." Id. at 484. To satisfy the second prong, he must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Notably, the Court need not conduct the two-prong inquiry in the order identified or even address both parts if Borden makes an insufficient showing on one of the two prongs. Id. at 485.

For the reasons set forth above, reasonable jurists would not find it debatable whether federal review of Borden's claims, in his petition, amendments and supplements, is barred (DN 7, 9, 10, 11, 12, 17, 20, 24, 25, 26, 27). Therefore, the undersigned does not recommend issuance of a Certificate

5

of Appealability as to any of the claims set forth in Borden's petition, amendments and supplements (DN 7, 9, 10, 11, 12, 17, 20, 24, 25, 26, 27).

B

Exercising an abundance of caution, the undersigned will continue with an evaluation of his petition, amendments, and supplements. On the advice of counsel Borden entered guilty pleas to the State criminal charges. This is significant to the claims he is asserting before this Court because in Tollett v. Henderson, the Supreme Court gave the following pronouncement regarding claims that arise out of the guilty plea process:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standard set forth in McMann.

411 U.S. 258, 267 (1973). This means Borden is limited to attacking the voluntariness of his guilty plea as a result of ineffective assistance of counsel. Id.; see also Hill v. Lockhart, 474 U.S. 52, 56 (1985) (alleged guilty plea was involuntary as a result of ineffective assistance of counsel); Magna v. Hofbauer, 263 F.3d 542, 547-548 (6th Cir. 2001) (same); Boria v. Keane, 99 F.3d 492, 496-497 (2d Cir. 1996) (same); United States v. Day, 969 F.2d 39, 43 (3d Cir. 1992) (same); Turner v. Tennessee, 858 F.2d 1201, 1205-1206 (6th Cir. 1988), vacated on other grounds, 492 U.S. 902 (1989), reinstated on other grounds, 940 F.2d 1000 (6th Cir. 1991) (same). This also means he is barred from presenting in this proceeding all of his other claims that occurred prior to entry of his

guilty plea.

For the reasons set forth above, with the exception of the ineffective assistance of counsel claim, reasonable jurists would not find it debatable whether all of Borden's claims are procedurally barred by the holding in Tollett v. Henderson, 411 U.S. 258, 267 (1973). Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). Therefore, with the exception of his ineffective assistance of counsel claim, the undersigned does not recommend issuance of a Certificate of Appealability as to all of Borden's claims in his petition, amendments, and supplements.

C

If, for the sake of argument, Borden's claim in Ground 3 pertains to conduct by the Warren Circuit Court Clerk in connection with State post-conviction relief proceedings then federal review is not available. A petition for writ of habeas corpus is not used to challenge errors or deficiencies in State post-conviction proceedings because such claims are collateral to whether Borden "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Kirby v. Dutton, 794 F.2d 245, 246-248 (6th Cir. 1986). In sum, if Borden's claim in Ground 3 involves an error or deficiency in the State post-conviction proceedings then it is not cognizable in a federal habeas corpus proceeding. Kirby, 794 F.2d at 246-248.

If Borden's claim in Ground 3 involves an error or deficiency in the State post-conviction proceedings then reasonable jurists would not find it debatable whether his claim should be dismissed as not properly raised under 28 U.S.C. § 2254(a). Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). Since Borden has made an insufficient showing as to the second prong of the Slack test, the undersigned concludes it is unnecessary to address the first prong of the test. Id. at 485.

In sum, the undersigned does not recommend issuance of a Certificate of Appealability as to the claim set forth in Ground 3 of Borden's petition.

D

In Ground 4 Borden asserts that he received ineffective assistance of counsel because trial counsel forced him to enter into a guilty plea by using Borden's family and by withholding knowledge about the State appellate court's accepting Borden's *pro se* motion for writ of mandamus (DN 1, Habeas Petition at Page 10). Apparently, he raised this in his post-conviction relief motion under Ky.R.Civ.P. 60.02 and Ky.R.Crim.P.1142.

Doom argues this claim is procedurally barred because Borden did not challenge the Warren Circuit Court's unfavorable ruling when he appealed to the Kentucky Court of Appeals (DN 44, Memorandum at Pages 13-14). Notably, Borden has not rebutted Doom's procedural default argument.

Since Borden did not raise this ineffective assistance of counsel claim in his collateral attack appeal to the Kentucky Court of Appeals he is now procedurally barred from doing so. Gross v. Commonwealth, 648 S.W.2d 853, 857 (Ky. 1983). This means federal review of this claim is barred absent a showing of cause and prejudice. Reed v. Farley, 512 U.S. 339, 353-355 (1994); Teague v. Lane, 489 U.S. 288, 297-299 (1989). Normally, constitutionally ineffective assistance of counsel is "cause" to excuse a procedural default in a State court. Murray v. Carrier, 477 U.S. 478, 489 (1986). However, there is no factual basis for him to make such a claim here because he proceeded *pro se* in his appeal. Moreover, ineffective assistance of counsel in a post-conviction proceeding cannot be used to show "cause." 28 U.S.C. § 2254(i). Since Borden's procedural default provides

8

an adequate and independent ground for the State's denial of relief and Borden has failed to show "cause" to excuse his procedural default, federal review of this ineffective assistance of trial counsel claim is barred. Reed, 512 U.S. at 353-355; Teague, 489 U.S. at 297-299.

For the reasons set forth above, the undersigned concludes that reasonable jurists would not find it debatable whether this claim should be denied on procedural grounds. Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). Since Borden cannot satisfy the second prong of the Slack test, the undersigned concludes there is no reason to address whether he can satisfy the first prong of that test. Id. at 485. In sum, the undersigned does not recommend issuance of a Certificate of Appealability as to the ineffective assistance of counsel claim set forth in Ground 4 of the petition.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Borden's petition for writ of habeas corpus be **DENIED.** It is further recommended that a Certificate of Appealability be **DENIED** as to the claims Borden asserts in Grounds 1, 2, 3 and 4 in his petition.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court

and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. <u>Thomas v. Arn</u>, 728 F.2d 813 (6th Cir.), <u>aff'd</u>, U.S. 140 (1984).


Copies:   Petitioner, *pro se*
          Counsel of Record